# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NICHOLAS J. RANDALL and FAN FENG,**

      **Plaintiffs,**

**v.**                                                  Case No:  6:17-cv-2103-Orl-31EJK

**OFFPLAN MILLIONAIRE AG, CAPINVEST LLC, JOACHIM OLIVER NEDELA, STEPHEN JORDAN-QUAYLE, CARL DHIR, CRESCENT REAL ESTATE MANAGEMENT, INC., DANIEL J. DORAN, JR.   and LUCRETIA L. DORAN,**

      **Defendants.**

## ORDER

This matter comes before the Court without oral argument on the Motion to Dismiss (Doc. 56) filed by Defendant Joachim Oliver Nedela (henceforth, "Nedela"), Magistrate Judge Smith's Report and Recommendation (Doc. 96) that the motion be granted, the objection (Doc. 97) filed by the Plaintiffs, and Nedela's response (Doc. 98) to that objection.

### I.     Overview

The Plaintiffs contend that the Defendants engaged in wire and mail fraud involving the sale of real property in Florida and two other states in violation of both the Federal Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and the Florida Racketeer Influenced and Corrupt Organizations Act, Fla. Stat. §§ 895.01-895.06.   Six of the Defendants have been defaulted, and one has not been served.   Nedela, a German citizen residing in Switzerland, is the only Defendant who has been served but has not defaulted.   He contends that

he is not subject to personal jurisdiction in this Court. In the wake of his motion to dismiss, the parties conducted discovery regarding the jurisdictional issue, including a deposition of Nedela (Doc. 91). The Plaintiffs then filed a response to his motion (Doc. 92), to which Nedela replied (Doc. 95).

Upon review of the foregoing, Judge Smith recommended that Nedela's motion be granted. (Doc. 96 at 20). Judge Smith found that the Plaintiffs had not sufficiently established Nedela's knowing participation in the RICO conspiracy[1] – which would, in turn, make it possible to establish jurisdiction under Florida's long-arm statute,[2] Fla. Stat. § 48.193. In Judge Smith's view, Nedela's deposition testimony and exhibits rebutted the Plaintiffs' allegations in the complaint of his knowing participation in the conspiracy, and the Plaintiffs had not produced any evidence in support of those allegations.[3] (Doc. 96 at 14-16).

Furthermore, even assuming *arguendo* that the Plaintiffs could establish that Nedela agreed to the overall objective of the conspiracy, Judge Smith found that this Court's exercise of jurisdiction over Nedela would not satisfy the requirements of due process.[4] He found that

---

[1] *See, e.g., Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d. 935, 950 (11th Cir. 1997) (stating that plaintiff can establish defendant's participation in a RICO conspiracy by, *inter alia*, showing that defendant agreed to the overall objective of the conspiracy).

[2] *See, e.g., United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281–82, (11th Cir. 2009) (holding that Florida's long-arm statute can support jurisdiction over any alleged conspirator where another co-conspirator commits an act in Florida in furtherance of the conspiracy).

[3] *See Morris v. SSE, Inc.*, 843 F.3d 489, 492 (11th Cir. 1988) (holding that, in context of motion to dismiss for lack of personal jurisdiction where no evidentiary hearing is held, district court must construe allegations of complaint as true to the extent they are uncontroverted and where evidence conflicts, must construe all reasonable inferences in favor of the non-movant plaintiff).

[4] See *Madara v. Hall*, 916 F.2d 1510, 1515–16 (11th Cir. 1990) (assertion of jurisdiction over nonresident defendant comports with requirements of due process where defendant has established minimum contacts with state and where such assertion would not offend traditional

Nedela lacked sufficient minimum contacts with Florida because the only acts he took involving the state involved the execution of deeds and other documents, in his corporate capacity in Switzerland, that were delivered to this state. (Doc. 96 at 18). He also found that the exercise of jurisdiction over Nedela in this Court would not comport with "fair play and substantial justice," primarily because the burden on Nedela – a resident of Switzerland who does not do business in this state – to defend this suit here would be so great. In addition, Judge Smith found that litigation in this state was not likely to result in efficient resolution of the controversy or the advancement of fundamental substantive societal policies. (Doc. 96 at 18-20).

The Plaintiffs object to Judge Smith's conclusion that they had failed to sufficiently establish Nedela's knowing participation in the conspiracy. They argue that this conclusion conflicts with the evidence of Nedela's extensive involvement in the corporations at the heart of the RICO enterprise, from initially creating them to signing off on all of the transactions with which they were involved. (Doc. 97 at 5). The Plaintiffs complain that the "fraud was … readily apparent … from the property records, agreements, and invoices passing across his desk for approval and processing" and that Nedela "continued to perform his duties with knowledge and information that his co-defendants were fraudsters and bad actors." (Doc. 97 at 6). But the only support the Plaintiffs offer for these assertions is a string-cite of exhibits that had been attached to their response to Nedela's motion to dismiss. They do not even identify the cited exhibits, much less explain how they support an inference that Nedela agreed to participate in the alleged conspiracy. The Court agrees with Judge Smith's conclusion that, even construing the unrebutted allegations of their pleading in their favor, the Plaintiffs have not established that Nedela agreed to the overall objective of the alleged conspiracy so as to bring him within the ambit of Florida's

---

notions of fair play and substantial justice).

long-arm statute. Because this requires granting the instant motion, the Court does not reach the issue of whether an assertion of personal jurisdiction over Nedela would satisfy the requirements of due process.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1. The Plaintiffs' objection to the Report and Recommendation (Doc. 97) is **OVERRULED**;

2. The Report and Recommendation (Doc. 96) is **CONFIRMED and ADOPTED IN PART**, as discussed above, and made a part of this order;

3. The Motion to Dismiss (Doc. 56) is **GRANTED**; and

4. The Amended Complaint (Doc. 17) is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 22, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE